UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD C. SOUCH,

        Appellant,                                      Case No. 1:23-cv-10638

v.                                                     Honorable Thomas L. Ludington
                                                             United States District Judge

EUGENE J. PRINCO,

        Appellee.
_____/

**OPINION AND ORDER DENYING LEAVE TO APPEAL ORDER OF BANKRUPTCY COURT *IN FORMA PAUPERIS* AND DIRECTING PAYMENT OF FILING FEE**

      Gerald C. Souch, an Arizona prisoner proceeding *pro se*, requests a waiver of the fees for his appeal of a bankruptcy court's dismissal of his adversary proceeding against Eugene J. Princo.

**I.**

      Eugene Princo filed for Chapter 13 bankruptcy in July 2018, listing a $58,000 nonpriority, unsecured, disputed debt owed to his now-incarcerated nephew Gerald C. Souch for "legal fees" incurred from an Arizona lawsuit where Souch sued Princo. *Souch v. Princo (In re Princo)*, No. 1:18-AP-02061 (Bankr. E.D. Mich. Feb. 27, 2023), ECF No. 87. Souch filed an adversary proceeding objecting to the dischargeability of Princo's debt, alleging Princo misused Souch's money by losing it all in investments. *Id.* Princo claimed to have acted under a valid power of attorney that Souch signed. *Id.* Souch sought a finding of nondischargeability of $53,950 plus interest, citing misappropriation of funds and misuse of power of attorney. *Id.*

      Although the bankruptcy court did not address many of Princo's arguments, it determined that Princo's debt to Souch was dischargeable under Chapter 13. *Id.* To that end, the court considered all the Parties' documents, gave them equal weight, and analyzed them to determine

whether the debt was nondischargeable under 11 U.S.C. § 523. *Id.* The court found that Souch's affidavits and exhibits failed to satisfy his burden to establish the elements of nondischargeability under § 523(a)(2)(A), (a)(2)(B), or (a)(4), including Princo's intent to deceive Souch, the existence of a fiduciary relationship, and the existence of an express or technical trust. *Id.* And the court held that the debt is not exempt from discharge under 11 U.S.C. § 1328. *Id.*

Souch has appealed to this Court and requested leave to proceed *in forma pauperis*. ECF No. 1. On appeal, Souch advances seven questions but no answers:

1. Was Princo's bankruptcy filed in good faith?
2. Was Princo's trial brief inconsistent with his exhibits?
3. Was Princo abusing his discretion as a fiduciary by misusing Souch's funds?
4. Was Princo's motion to strip the lien in accordance with clearly established federal law?
5. Was Princo's notice he was trustee over an established checking/savings account misleading the court and Souch since no trust was established thus violating his duty while acting in a fiduciary capacity?
6. Did Princo attempt to commit a federal crime by crossing state lines to gain Souch's funds?
7. When a power of attorney that shows a performance that is specific, can that specific performance be ignored?

ECF No. 4 at PageID.147–48.

## II.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not in good faith if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Any arguments not raised to the bankruptcy court may not be raised on appeal. *See United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006). And any argument raised to the bankruptcy court but does not on appeal will be forfeited. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016).

Souch does not have a nonfrivolous argument that the bankruptcy court erred in dismissing his adversary proceeding. Arguments 1–6 are improperly raised on appeal because Souch did not

raise them to the bankruptcy court. Second, the bankruptcy court's factual determination that Souch failed to meet his burden of proof under 11 U.S.C. § 523 is subject to clear-error review but reveals no apparent error, so any argument challenging it is also frivolous. *See In re Baker & Getty Fin. Servs.*, 106 F.3d 1255, 1259 (6th Cir. 1997). Finally, Arguments 6 and 7 are not directly related to the dischargeability of the debt and therefore are not a proper basis for an appeal here. For those reasons, Souch's appeal is not taken in good faith.

Because Souch's complaint lacks an arguable basis in law, his motion for leave to proceed *in forma pauperis* on appeal will be denied. *See* 28 U.S.C. § 1915(a)(3); *In re Scott*, No. 19-1290, 2020 WL 7232197, at *1 (6th Cir. Apr. 28, 2020). He must pay the full fee within 30 days or his case will be dismissed for failure to prosecute under 28 U.S.C. § 1915(b). *E.g.*, *Boussum v. Washington*, No. 1:22-CV-12232, 2023 WL 1819136, at *3–4 (E.D. Mich. Feb. 8, 2023).

### III.

Accordingly, it is **ORDERED** that that Appellant's Motion to Proceed *in forma pauperis* on Appeal, ECF No. 1 at PageID.32–33, is **DENIED**.

Further, it is **ORDERED** that Appellant is **DIRECTED** to submit the $350.00 filing fee and $52.00 administrative fee (i.e., $402.00) **on or before May 19, 2023**. or his case will be dismissed for failure to prosecute. If he fails to pay the fees, then this Court must presume that he is proceeding without prepayment, assess the whole fee, and dismiss his case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Any case dismissed under these circumstances, will not be reinstated even if the fee is later paid. *Id.*

**This is not a final order and does not close the above-captioned case**.

Dated: April 19, 2023             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge